**ORIGINAL**

___ Priority
_X_ Send
_X_ Clsd
_X_ Enter
___ JS-5/JS-6
___ JS-2/JS-3

ENTERED
CLERK, U.S. DISTRICT COURT
APR 16 2001
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
APR 13 2001
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Docketed
Copies / NTC Sent
JS-5/JS-6
JS-2/JS-3
CLSD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PETE WILSON, et al., <br><br> Defendants. | CASE NO. CV 94-7569 MRP <br><br> OPINION |
| GREGORIO T., et al., <br><br> Plaintiffs, <br><br> v. <br><br> PETE WILSON, Governor of the State of California; et al., <br><br> Defendants. | CASE NO. CV 94-7652 MRP <br><br> THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

Proposition 187 was an initiative measure submitted to the voters of the State of California in the November 8, 1994 general election. The day after the initiative passed, the plaintiffs filed a class action to enjoin the enforcement of Proposition 187. On November 20, 1995, this Court granted plaintiffs' motion with respect to the classification, notification, and cooperation/reporting provisions of sections 4 through 9 of the initiative, holding that they were

preempted by federal law. <u>LULAC v. Wilson</u>, 908 F. Supp. 755, 786-87 (C.D. Cal. 1995). On March 13, 1998, the Court granted the plaintiffs' renewed motion for summary judgment, again on preemption grounds, and entered a permanent injunction on the sixth claim for relief as to sections 1 and 4 through 9 of Proposition 187. In 1998, the plaintiffs in these cases filed a Motion for Attorneys' Fees and Expenses, and in 2001 they filed an Amended Motion for Attorneys' Fees and Expenses.

Pursuant to the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. §1988, parties are entitled to recover fees and costs in certain civil rights actions. To qualify for a fee award under §1988, plaintiffs must have prevailed in the litigation. Even if plaintiffs have not succeeded on every claim presented, they are considered "prevailing parties" for fee award purposes where they succeed in "modifying the defendant's behavior in a way that directly benefits the plaintiff." <u>Farrar v. Hobby</u>, 506 U.S. 103, 111-112 (1992); <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

The plaintiffs have prevailed in this litigation despite the uncompromising opposition which they encountered. The Court granted plaintiffs' motion for summary judgment as to those sections dealing with eligibility for public services, education and healthcare, as well as the parts of the proposition concerning state verification and reporting procedures. Plaintiffs, therefore, have satisfied this prerequisite.

To be successful on a claim for attorneys' fees under §1988, plaintiffs must have maintained an action that would have been supported under §1983. Generally, preemption of state law based on federal occupation of the field or conflict with federal goals does

not support an action under §1983, and thus does not support a claim for attorney's fees under §1988. White Mountain Apache Tribe v. Williams, 810 F.2d 844, 850 (9th Cir. 1984).

Section 1983 does provide a cause of action, however, when a state statute actually conflicts with a federal statute and when (1) the statute creates "enforceable rights," and (2) Congress did not foreclose private enforcement of those rights through a §1983 action. Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 18 (1981). Therefore, plaintiffs are entitled to an award of attorneys' fees under §1988 to the extent they have prevailed on their claim that Proposition 187 is in actual conflict with federal law and is preempted under the third test for preemption set forth in DeCanas v. Bica, 424 U.S. 351, 363 (1976). See Pennhurst State School and Hospital v. Halderman, 451 U.S. 1, 28 (1981).

This Court has previously held that sections 5 and 6 of Proposition 187 directly conflict with federal law. The federal statutes involved here regulate the eligibility of aliens for public benefits, creating enforceable rights in the realm of exceptions for emergency medical services; short-term, non-cash, in-kind emergency disaster relief; assistance with immunizations for immunizable diseases; treatment of symptoms of communicable diseases; and programs specified by the Attorney General. 8 U.S.C. §1621(b). That these federal statutes were enacted for the benefit of a special class presumptively provides a federal remedy for persons injured by violation of these statutes. See, e.g., Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 402 (1971).

The defendants have not shown that Congress intended the federal statutes to preclude the private enforcement of eligibility rights

3

through a §1983 action. See, e.g., Keaukaha-Panawa Community Ass'n v. Hawaii Homes Comm'n, 739 F.2d 1467, 1470-71 (9th Cir. 1984)(placing the burden on the government defendant to show congressional intent that the statute provides the sole remedy). Since substantial portions of Proposition 187 are preempted under the third DeCanas test, the plaintiffs may recover attorneys' fees under §1988.

The plaintiffs also raised a number of other constitutional challenges to Proposition 187. This Court has already acknowledged that several of these other challenges may have independently required the Court to render a decision for plaintiffs. In light of the applicability of the DeCanas tests here, the Court did not find it necessary to resolve the constitutional challenges presented. Moreover, since the plaintiffs are entitled to an award of attorneys' fees based on actual conflict under the third DeCanas test, the Court need not reach the issue of whether they could also prevail on their alternative fee award bases.

Calculation of the Fee Award

The Court has attempted to be as dispassionate as possible in explaining the calculation of these fee awards. However, nothing in the Court's analysis should be taken as a criticism of the quality of the legal work that is the subject of the awards. The plaintiffs had representation of the highest order. The Court particularly compliments counsel for the assistance they gave the Court in the resolution of the very complex legal questions presented.

The total fee award for the Gregorio T. plaintiffs is $2,159,842.79. The total fee award for the LULAC plaintiffs is $776,124.28. These sums will be distributed according to the attached tables.

Except as noted, the Court has used the hourly billing rates and total hours provided by the plaintiffs in their 1998 fee award filings. The rates sought are reasonable in light of rates charged by other attorneys for similar work. However, because the time billed by Peter A. Schey and Carlos Holguin includes a number of tasks that might have been performed by a less senior attorney with a lower billing rate, (e.g., time spent on "Shepardizing" and "research") their rates of billing are reduced to $200 per hour.

Also, based on the numbers agreed to by plaintiffs for "tasks more appropriately performed by a paralegal," excessive conferencing, secretarial or administrative activities, Peter A. Schey's hours have been reduced by 90.34 hours, Carlos Holguin's hours have been reduced by 11.94 hours, and John Gehardt's hours have been reduced by 68.21 hours. Additionally, while plaintiffs have succeeded in enjoining many of the provisions of Proposition 187, the LULAC plaintiffs' request for an hourly upward adjustment of $15 to the lodestar figure based on "extraordinary success" is denied.

The Court has used a standard 5% downward billing adjustment on all billable hours, as proposed by the plaintiffs' attorneys. In addition, for Douglas Mirell, Kurtiss Grossman, Carlos Holguin, and John Gehardt, the downward billing adjustment used was 15%, to account for insufficient documentation supporting their billable hours. Using single words, such as "research" or "R/D" to describe the nature of hours billed provides no insight as to the actual work performed.

The Court has deducted from the lodestar figures any hours that it could reasonably identify as involving media relations or discussions with public office holders. The following amounts have been deducted: Thomas Saenz, 8 hours; Carlos Holguin, 1.01 hours;

1  Peter Schey, 26.99 hours; Mark Silverman, 5 hours.

2  The stated number of hours for John Gehardt and Miranda D.
3  Junowicz do not match the hours supported by the records. Thus, their
4  hours are reduced to the number supported by the most favorable
5  reading of the billing records provided, which is 36.21 hours for
6  Junowicz and 96.75 hours for Gehardt. The LULAC plaintiffs' request
7  that 90.34 hours of administrative work be attributed, and thus
8  billed, at paralegal rates will not be granted, as secretarial and
9  administrative work is already built into regular hourly billing rates
10 and is not compensable at paralegal rates.

11  The Court has used historical rates of billing (rather than the
12 current rates that plaintiffs seek) and has compounded interest based
13 on the 52-week Treasury Bill to take into account the time value of
14 money. This calculation begins from the time that the renewed motion
15 was granted, providing compensation to plaintiffs for the delay while
16 preventing a windfall. Granting plaintiffs current rates would have
17 resulted in overcompensation, as national salary competition has
18 increased billing rates far beyond historical inflationary rates. The
19 52-week Treasury bill was used as the measure of interest because
20 Congress has expressed preference for the use of this measure in the
21 post-judgment interest statute. See 28 U.S.C. § 1961. While the
22 current billing rate method is more straightforward and less
23 time-consuming than the historic billing rate approach, it is not an
24 appropriate basis for this award.

25  Some courts have used the current billing rates approach because
26 it approximates the inflationary loss suffered from a long delay in
27 recovery. See, e.g., Burgess v. Premier Corp., 727 F.2d 826, 840-41
28 (9th Cir. 1984); Fantasy v. Fogerty, 94 F.3d 553, 561 (9th Cir.

1996)(decision to award or deny interest is within district court's discretion). The use of current billing rates, however, is an inaccurate measure of the effects of inflation. Increases in hourly rates more likely reflect an attorney's increased experience and skill rather than a mere increase in the time value of money. Additionally, the increase in billing rates may reflect a change in the supply and demand of lawyers practicing in the particular field more than the effects of inflation. Also, the use of current billing rates does not compensate for the loss of use of the money. The use of the rate of interest on these securities, which is partly linked to the inflation rate, is a better method of measuring loss from delay.

After considering the papers in support of and in opposition to the Motion, the arguments of counsel and the pleadings and papers on file, the Court GRANTS-IN-PART and DENIES-IN-PART the plaintiffs' Motion and Amended Motion for Attorneys' Fees and Expenses. None of the out-of-pocket litigation expenses requested appear excessive. Thus, all of the out-of-pocket litigation expenses requested have been GRANTED. The total for the Gregorio T. plaintiffs is $2,159,842.79. The total for the LULAC plaintiffs is $776,124.28. These sums will be distributed according to the tables attached.

IT IS SO ORDERED.

DATED: April 13, 2001

/s/ Mariana R. Pfaelzer
Hon. Mariana R. Pfaelzer
United States District Judge

7

# LULAC Plaintiffs - Attorney's Fees Calculations

| Attorneys for League of United Latin American Citizens | Hours | Rate | Initial Lodestar | Billing Adjustment | Lodestar Reduction | Adjusted Lodestar | 52-Week T-Bill Yield for 3/98-3/99 | 52-Week T-Bill Yield for 3/99-3/00 | 52-Week T-Bill Yield for 3/00-3/01 | Yield Adjusted Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|
| Peter A. Schey | 2797.62 | $200.00 | $ 559,524.00 | 5% | $ (27,976.20) | $531,547.80 | 5.407% | 4.918% | 6.197% | $ 624,272.25 |
| Carlos Holguin | 596.84 | $200.00 | $ 119,368.00 | 15% | $ (17,905.20) | $101,462.80 | 5.407% | 4.918% | 6.197% | $ 119,162.21 |
| John Gebhardt | 96.75 | $140.00 | $ 13,545.00 | 15% | $ (2,031.75) | $ 11,513.25 | 5.407% | 4.918% | 6.197% | $ 13,521.65 |
| Miranda D. Junowicz | 36.21 | $130.00 | $ 4,707.30 | 5% | $ (235.37) | $ 4,471.94 | 5.407% | 4.918% | 6.197% | $ 5,252.03 |
| Mark Silverman | 27.24 | $250.00 | $ 6,810.00 | 5% | $ (340.50) | $ 6,469.50 | 5.407% | 4.918% | 6.197% | $ 7,598.05 |
| | | | | | | | | Total Yield Adjusted Lodestar Fees: | | $ 789,806.19 |
| | | | | | | | 52-Week T-Bill Yield for 3/98-3/99 | 52-Week T-Bill Yield for 3/99-3/00 | 52-Week T-Bill Yield for 3/00-3/01 | Yield Adjusted Expenses |
| Out-of-Pocket Litigation Expenses: | | | | | | $ 5,379.65 | 5.407% | 4.918% | 6.197% | $ 6,318.09 |
| | | | | | | | | Total of Fees and Expenses: | | $ 776,124.28 |

# Gregorio T. Plaintiffs - Attorney's Fees and Expenses Calculations

| ACLU Foundation of Southern California | Hours | Rate | Initial Lodestar | 5% Billing Adjustment | Adjusted Lodestar | 52-Week T-Bill Yield for 3/98-3/99 | 52-Week T-Bill Yield for 3/99-3/00 | 52-Week T-Bill Yield for 3/00-3/01 | Yield Adjusted Lodestar |
|---|---|---|---|---|---|---|---|---|---|
| Mark Rosenbaum | 1304.20 | $375.00 | $ 489,075.00 | $ (24,453.75) | $ 464,621.25 | 5.407% | 4.918% | 6.197% | $ 545,670.87 |
| Mark Rosenbaum (On Fees for Appeal) | 120.30 | $375.00 | 45,112.50 | (2,255.63) | 42,856.88 | 5.407% | 4.918% | 6.197% | 50,332.93 |
| Mel-Lin Kwan Gett | 806.10 | $200.00 | 161,220.00 | (8,061.00) | 153,159.00 | 5.407% | 4.918% | 6.197% | 179,876.42 |
| Karl Manheim | 536.65 | $350.00 | 187,827.50 | (9,391.38) | 178,436.13 | 5.407% | 4.918% | 6.197% | 209,562.94 |
| Karl Manheim (On Fees for Appeal) | 18.10 | $350.00 | 6,335.00 | (316.75) | 6,018.25 | 5.407% | 4.918% | 6.197% | 7,068.09 |
| Dan Tokaji | 100.80 | $180.00 | 18,144.00 | (907.20) | 17,236.80 | 5.407% | 4.918% | 6.197% | 20,243.63 |
| Silvia Argueta | 249.30 | $230.00 | 57,339.00 | (2,866.95) | 54,472.05 | 5.407% | 4.918% | 6.197% | 63,974.28 |
| Peter Eliasberg | 10.50 | $180.00 | 1,890.00 | (94.50) | 1,795.50 | 5.407% | 4.918% | 6.197% | 2,108.71 |
| Susan Simpson | 341.40 | $130.00 | 44,382.00 | (2,219.10) | 42,162.90 | 5.407% | 4.918% | 6.197% | 49,517.90 |
| E. Richard Larson (On Fees for Counsel) | 149.80 | $350.00 | 52,430.00 | (2,621.50) | 49,808.50 | 5.407% | 4.918% | 6.197% | 58,497.21 |
| | | | | | | | | Total Yield Adjusted Lodestar Fees: | $ 1,186,852.98 |
| | | | | | | | 52-Week T-Bill Yield for 3/98-3/99 | 52-Week T-Bill Yield for 3/99-3/00 | 52-Week T-Bill Yield for 3/00-3/01 | Yield Adjusted Expenses |
| | | | | Out-of-Pocket Litigation Expenses: | $ 54,428.67 | 5.407% | 4.918% | 6.197% | 63,923.34 |
| | | | | | | | | TOTAL OF FEES AND EXPENSES: | $ 1,250,776.31 |

| Mexican American Legal Defense and Educational Fund | Hours | Rate | Initial Lodestar | 5% Billing Adjustment | Adjusted Lodestar | 52-Week T-Bill Yield for 3/98-3/99 | 52-Week T-Bill Yield for 3/99-3/00 | 52-Week T-Bill Yield for 3/00-3/01 | Yield Adjusted Lodestar |
|---|---|---|---|---|---|---|---|---|---|
| Thomas Saenz | 1160.00 | $210.00 | $ 243,600.00 | $ (12,180.00) | $ 231,420.00 | 5.407% | 4.918% | 6.197% | $ 271,789.45 |
| Thomas Saenz (On Fees for Counsel) | 17.60 | $210.00 | 3,696.00 | (184.80) | 3,511.20 | 5.407% | 4.918% | 6.197% | 4,123.70 |
| Thomas Saenz (On Fees for Appeal) | 160.40 | $210.00 | 33,684.00 | (1,684.20) | 31,999.80 | 5.407% | 4.918% | 6.197% | 37,581.92 |
| Vibiana Andrade | 200.00 | $310.00 | 62,000.00 | (3,100.00) | 58,900.00 | 5.407% | 4.918% | 6.197% | 69,174.65 |
| Vibiana Andrade (On Fees for Appeal) | 97.20 | $310.00 | 30,132.00 | (1,506.60) | 28,625.40 | 5.407% | 4.918% | 6.197% | 33,618.88 |
| Elisa Fernandez | 411.20 | $180.00 | 74,016.00 | (3,700.80) | 70,315.20 | 5.407% | 4.918% | 6.197% | 82,581.15 |
| Victor Narro | 339.90 | $110.00 | 37,389.00 | (1,869.45) | 35,519.55 | 5.407% | 4.918% | 6.197% | 41,715.66 |
| | | | | | | | | Total Yield Adjusted Lodestar Fees: | $ 540,585.42 |
| | | | | | | | 52-Week T-Bill Yield for 3/98-3/99 | 52-Week T-Bill Yield for 3/99-3/00 | 52-Week T-Bill Yield for 3/00-3/01 | Yield Adjusted Expenses |
| | | | | Out-of-Pocket Expenses (including $1149.68 for Appeal): | $ 22,999.62 | 5.407% | 4.918% | 6.197% | 27,011.73 |
| | | | | | | | | TOTAL OF FEES AND EXPENSES: | $ 567,597.15 |

| ACLU of Northern California | Hours | Rate | Initial Lodestar | 5% Billing Adjustment | Adjusted Lodestar | 52-Week T-Bill Yield for 3/98-3/99 | 52-Week T-Bill Yield for 3/99-3/00 | 52-Week T-Bill Yield for 3/00-3/01 | Yield Adjusted Lodestar |
|---|---|---|---|---|---|---|---|---|---|
| Lucas Guttentag | 133.35 | $330.00 | $ 44,005.50 | $ (2,200.28) | $ 41,805.23 | 5.407% | 4.918% | 6.197% | $ 49,097.83 |
| Ann Parent | 127.50 | $270.00 | 34,425.00 | (1,721.25) | 32,703.75 | 5.407% | 4.918% | 6.197% | 38,408.67 |
| | | | | | | | | Total Yield Adjusted Lodestar Fees: | $ 87,506.50 |
| | | | | | | | 52-Week T-Bill Yield for 3/98-3/99 | 52-Week T-Bill Yield for 3/99-3/00 | 52-Week T-Bill Yield for 3/00-3/01 | Yield Adjusted Expenses |
| | | | | Out-of-Pocket Litigation Expenses: | $ 1,400.00 | 5.407% | 4.918% | 6.197% | 1,644.22 |
| | | | | | | | | TOTAL OF FEES AND EXPENSES: | $ 89,150.72 |

### Loeb and Loeb

| | Hours | Rate | Initial Lodestar | 15% Billing Adjustment | Adjusted Lodestar | 52-Week T-Bill Yield for 3/98-3/99 5.407% | 52-Week T-Bill Yield for 3/99-3/00 4.918% | 52-Week T-Bill Yield for 3/00-3/01 6.197% | Yield Adjusted Lodestar |
|---|---|---|---|---|---|---|---|---|---|
| Douglas Mirell | 181.30 | $325.00 | $ 58,922.50 | $ (8,838.38) | $ 50,084.13 | 5.407% | 4.918% | 6.197% | $ 58,820.92 |
| Kurtiss Grossman | 165.10 | $230.00 | $ 37,973.00 | $ (5,695.95) | $ 32,277.05 | 5.407% | 4.918% | 6.197% | $ 37,907.53 |
| | | | | | | | Total Yield Adjusted Lodestar Fees: | | $ 96,728.45 |
| | | | | | | | | Yield Adjusted Expenses | |
| | | | | Out-of-Pocket Litigation Expenses: | $ 247.71 | 5.407% | 4.918% | 6.197% | $ 290.92 |
| | | | | | | | TOTAL OF FEES AND EXPENSES: | | $ 97,019.37 |

### Center for Law in the Public Interest

| | Hours | Rate | Initial Lodestar | 5% Billing Adjustment | Adjusted Lodestar | 52-Week T-Bill Yield for 3/98-3/99 5.407% | 52-Week T-Bill Yield for 3/99-3/00 4.918% | 52-Week T-Bill Yield for 3/00-3/01 6.197% | Yield Adjusted Lodestar |
|---|---|---|---|---|---|---|---|---|---|
| Carlyle Hall | 2.75 | $360.00 | $ 990.00 | $ (49.50) | $ 940.50 | 5.407% | 4.918% | 6.197% | $ 1,104.56 |
| Ed Howard | 173.25 | $220.00 | $ 38,115.00 | $ (1,905.75) | $ 36,209.25 | 5.407% | 4.918% | 6.197% | $ 42,525.68 |
| Gus May | 93.25 | $210.00 | $ 19,582.50 | $ (979.13) | $ 18,603.38 | 5.407% | 4.918% | 6.197% | $ 21,848.59 |
| Lisa Weil Zansberg | 42.75 | $195.00 | $ 8,336.25 | $ (416.81) | $ 7,919.44 | 5.407% | 4.918% | 6.197% | $ 9,300.92 |
| Allison Regan | 58.00 | $115.00 | $ 6,670.00 | $ (333.50) | $ 6,336.50 | 5.407% | 4.918% | 6.197% | $ 7,441.85 |
| | | | | | | | Total Yield Adjusted Lodestar Fees: | | $ 82,221.61 |
| | | | | | | | | Yield Adjusted Expenses | |
| | | | | Out-of-Pocket Litigation Expenses: | $ 2,373.34 | 5.407% | 4.918% | 6.197% | $ 2,787.35 |
| | | | | | | | TOTAL OF FEES AND EXPENSES: | | $ 85,008.96 |

### National Immigration Law Center

| | Hours | Rate | Initial Lodestar | 5% Billing Adjustment | Adjusted Lodestar | 52-Week T-Bill Yield for 3/98-3/99 5.407% | 52-Week T-Bill Yield for 3/99-3/00 4.918% | 52-Week T-Bill Yield for 3/00-3/01 6.197% | Yield Adjusted Lodestar |
|---|---|---|---|---|---|---|---|---|---|
| Yolanda Vera | 93.20 | $250.00 | $ 23,300.00 | $ (1,165.00) | $ 22,135.00 | 5.407% | 4.918% | 6.197% | $ 25,996.28 |
| | | | | | | | Total Yield Adjusted Lodestar Fees: | | $ 25,996.28 |
| | | | | | | | | Yield Adjusted Expenses | |
| | | | | Out-of-Pocket Litigation Expenses: | $ - | 5.407% | 4.918% | 6.197% | $ - |
| | | | | | | | TOTAL OF FEES AND EXPENSES: | | $ 25,996.28 |

### Western Center on Law and Poverty

| | Hours | Rate | Initial Lodestar | 5% Billing Adjustment | Adjusted Lodestar | 52-Week T-Bill Yield for 3/98-3/99 5.407% | 52-Week T-Bill Yield for 3/99-3/00 4.918% | 52-Week T-Bill Yield for 3/00-3/01 6.197% | Yield Adjusted Lodestar |
|---|---|---|---|---|---|---|---|---|---|
| Robert Newman | 55.20 | $335.00 | $ 18,492.00 | $ (924.60) | $ 17,567.40 | 5.407% | 4.918% | 6.197% | $ 20,631.90 |
| Melinda Bird | 25.40 | $330.00 | $ 8,382.00 | $ (419.10) | $ 7,962.90 | 5.407% | 4.918% | 6.197% | $ 9,351.97 |
| Kate Meiss | 9.25 | $345.00 | $ 3,191.25 | $ (159.56) | $ 3,031.69 | 5.407% | 4.918% | 6.197% | $ 3,560.54 |
| | | | | | | | Total Yield Adjusted Lodestar Fees: | | $ 33,544.41 |
| | | | | | | | | Yield Adjusted Expenses | |
| | | | | Out-of-Pocket Litigation Expenses: | $ - | 5.407% | 4.918% | 6.197% | $ - |
| | | | | | | | TOTAL OF FEES AND EXPENSES: | | $ 33,544.41 |

| Public Advocates | Hours | Rate | Initial Lodestar | 5% Billing Adjustment | Adjusted Lodestar | 52-Week T-Bill Yield for 3/98-3/99 | 52-Week T-Bill Yield for 3/99-3/00 | 52-Week T-Bill Yield for 3/00-3/01 | Yield Adjusted Lodestar |
|---|---|---|---|---|---|---|---|---|---|
| Mark Savage | 6.11 | $240.00 | $ 1,466.40 | $ (73.32) | $ 1,393.08 | 5.407% | 4.918% | 6.197% | $ 1,636.09 |
| Carmela Castellano | 36.65 | $220.00 | $ 8,063.00 | $ (403.15) | $ 7,659.85 | 5.407% | 4.918% | 6.197% | $ 8,996.05 |
| | | | | | | | Total Yield Adjusted Lodestar Fees: | | $ 10,632.14 |
| | | | | | | 52-Week T-Bill Yield for 3/98-3/99 | 52-Week T-Bill Yield for 3/99-3/00 | 52-Week T-Bill Yield for 3/00-3/01 | Yield Adjusted Expenses |
| | | | | Out-of-Pocket Litigation Expenses: | $ 100.00 | 5.407% | 4.918% | 6.197% | $ 117.44 |
| | | | | | | | | TOTAL OF FEES AND EXPENSES: | $ 10,749.59 |

**OVERALL TOTALS**

Yield Adjusted Lodestar Fees: $ 2,064,067.79
Yield Adjusted Litigation Expenses: $ 95,775.00

Overall Total of Fees and Expenses: $ 2,159,842.79